### 26837. MAXWELL *v.* PURCELL.

DECIDED SEPTEMBER 24, 1938. REHEARING DENIED NOVEMBER 8, 1938.

*G. B. Walker* and *H. E. Edwards,* for plaintiff in error.
*J. P. Fowler,* contra.

GUERRY, J. This was a proceeding by Rufus Purcell to foreclose a mortgage note on a described automobile, the property of Arthur Maxwell, the note having been given for the purchase-price of the car. The defendant filed an affidavit of illegality, setting up, in substance, that the note and mortgage were without consideration, in that he did not purchase the car in question from the plaintiff outright, but took the same on trial and agreed to purchase it provided only if it proved satisfactory; that the car was not satisfactory, and was returned to the plaintiff in less than a week after obtaining it; and that the mortgage note was executed at the request of the plaintiff to protect him "in the event that said car was stolen or wrecked, but in no way was it to close the sale." Upon the issue thus formed the plaintiff testified in substance that the defendant purchased the car unconditionally, and executed for the purchase-price the mortgage note in question. The defendant testified that he did not. The judgment of the justice was for the defendant. On appeal to a jury in that court a verdict was rendered for the plaintiff. The defendant's certiorari was overruled.

■ Without determining the merits of the defense set up in the affidavit of illegality, since the evidence was conflicting as to its truth, and since the jury settled such issue in favor of the plaintiff, the judge of the superior court did not err in overruling the certiorari.

■ While under the Code, § 67-803, where the defendant in a mortgage foreclosure files with his affidavit of illegality an affidavit stating that from his poverty he is unable to give bond to replevy the property, the sale of the property shall be postponed until the final determination of the case, an illegal sale by the constable, contended by the defendant to have been made at the instigation of the plaintiff, and from which sale an amount in excess of that claimed by the plaintiff to be due was realized, presents no reason why the plaintiff should not have judgment as against the affidavit of illegality setting up the matters set out above.

*Judgment affirmed. Broyles, C. J., and MacIntyre, J., concur.*